IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 7, 2002 Session

## SUN SPLASH PAINTING, INC. v. HOMESTEAD VILLAGE, INC., ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-556-I    Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M2002-00853-COA-R3-CV - Filed October 15, 2003**

_____

This appeal involves a challenge to the trial court's refusal to award attorney's fees pursuant to the Prompt Pay Act, and to the court's denial of prejudgment interest. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM CHARLES LEE, SP. J., joined.

Timothy W. Burrow, Nashville, Tennessee, for the appellant, Sun Splash Painting, Inc.

H. Frederick Humbracht, Nashville, Tennessee, for the appellee, Homestead Village, Inc.

**OPINION**

Homestead Village, Inc. (HVI) contracted with the Appellant Sun Splash Painting, Inc. (Sun Splash) for painting-related services and materials. Sun Splash was to perform these services on HVI's extended-stay hotel known as Homestead Village Airport. A dispute arose between the parties concerning HVI's failure to pay for work Sun Splash had performed. As a consequence of this dispute, Sun Splash filed suit in chancery court on February 24, 1999. In that complaint Sun Splash alleged that pursuant to a "time and expense contract" Sun Splash was to be paid $20 per hour plus materials. In the alternative, Sun Splash alleged the existence of a "written lump sum contract." Of specific interest to this appeal are the allegations contained in "Count Five" of the chancery complaint.

COUNT FIVE
(Violation of Tennessee's Prompt Pay Act of 1991)

25. Sun Splash realleges paragraphs 1-24 above as if fully alleged in this count and incorporates them herein by this reference.

26. [HVI] failed or refused to pay Sun Splash in full for the work it provided. Such failure was done in bad faith. Pursuant to the provisions of Tennessee's Prompt Pay Act of 1991, T.C.A. § 66-34-101, et seq., Sun Splash sent to Atlantic Homestead Village L.P. and to Homestead Village, Inc. and to Homestead Village, L.P. by certified mail, return receipt requested, notice of its intent to seek relief under Tennessee's Prompt Pay Act of 1991. All entities received this document. HVI violated the provisions of this Act by not paying Sun Splash what it was due for the work.

In response, HVI denied the existence of the oral contract for $20 per hour plus expenses, admitted the existence of a written contract and denied the allegations of paragraphs 25 and 26 of the Complaint.[1] The matter was set for trial on October 8, 9 and 10 of 2001. After hearing proof and argument, the trial court rendered its decision via Memorandum Opinion on December 5, 2001. The court found the following facts which, pursuant to Tenn. R. App. P. 13(d), come to this Court accompanied by a presumption of correctness absent a preponderance of the evidence to the contrary:

1. Sun Splash, a State of Georgia Corporation, entered into a Subcontract with HVI to perform painting work on HVI's Airport Project for the sum of $26,000.00.

2. Sun Splash does not possess a Certificate of Authority to transact business in the State of Tennessee, nor does Sun Splash have a Tennessee license to conduct contracting business.

3. HVI, the owner and contractor prepared and presented a Subcontract to Sun Splash. Sun Splash signed the Subcontract and returned it to HVI.

4. HVI failed to return a signed copy of the Subcontract to Sun Splash.

5. Sun Splash and HVI conducted their transactions as if the Subcontract had been signed by both parties.

6. Sun Splash left the job site, after several weeks on the job, alleging that it had not been paid for the work performed.

7. In December, 1997, Sun Splash agreed to return to the job site and complete the work, under the following terms:
   (a) HVI would pay Sun Splash $10,000.00 for work completed.
   (b) Sun Splash is due an allowance of $6,500.00 for the touch-up painting of interior walls.
   (c) The balance owed to Sun Splash is $16,000.00, plus the allowance of $6,500.00 and a back charge of $5,000.00 for work performed by PR Painting Company.

---

[1] In its suit in chancery Sun Splash alleged causes of action concerning certain other defendants, those parties are not before this Court on appeal.

(d) The balance owed Sun Splash for completion of the work in Building "C" is $17,500.00.

8. HVI made a payment to Sun Splash in the sum of $10,000.00.

9. On March 5, 1998, Sun Splash filed a Notice of Lien Claim in the sum of $22,500.00, against the Airport Project.

10. When Sun Splash filed the Notice of Lien Claim, the parties were in dispute as to the amount of money owed Sun Splash.

11. The Airport Project was substantially completed on December 31, 1997, Sun Splash's Cause of Action was filed February 24, 1999, more than one (1) year after the completion of the project. *Tenn Code Ann*. §66-11-106.

In this Memorandum, the trial court denied Defendant's Motion to Dismiss inasmuch as the record established damages of $17,500.00, but granted the Motion to Dismiss grounded on plaintiff's failure to obtain a certificate of authority consistent with the requirements of Tennessee Code Annotated section 48-25-102.

On January 3, 2002, Sun Splash filed its Motion to Alter or Amend challenging the finding of the trial court stating as follows:

As grounds for this Motion, and as more fully set forth in the attached memorandum of points and authorities, Sun Splash would show this Court that:

* * *

Sun Splash had a Certificate of Authority; it didn't introduce it as evidence because the burden of proof was upon Defendants to show that Sun Splash did not have a Certificate of Authority, and Defendants offered no evidence in that regard.

4. Furthermore, Defendants' did not motion the Court for a dismissal on this basis.

On March 18, 2002, the court granted the Motion to Alter or Amend in part, stating:

Although the Court disagrees with Plaintiff's premise, it appears that Plaintiff did have a Certificate of Authority. Accordingly, the Court grants the motion to reopen the proof, thereby admitting Plaintiff's Certificate of Authority, a copy of which was attached to the motion, as the final exhibit in this matter.

The Court, having considered the proof, concludes that a contract existed between Sun Splash and Homestead Village Inc., and that Plaintiff is entitled to recover from defendant Homestead Village, Inc. the sum of $17,500. The claims against the remaining defendants should be dismissed.

The statute upon which Plaintiff relied at trial for the recorvery of attorney's fees provides: "Reasonable attorney's fees may be awarded against the non-prevailing party; provided, that such

non-prevailing party has acted in *bad faith* Tenn.Code Ann. § 66-34-602(b)(1991)" (emphasis added). The existence of bad faith is a question of fact. *See Tennessee Farmer's Mutual Ins. Co. v. Thompson*, 12 Tenn. App. 591 (1930). Once determined this factual finding is accompanied with a presumption of correctness and will not be overturned on appeal absent a preponderance of evidence to the contrary. Tenn. R. App. P. 13(d) *Carrington v. W.A. Socfker & Son, Inc.*, 624 S.W.2d 894, 895 (Tenn.Ct.App.1981). Nonetheless, Appellant argues that, regardless of the disparity of damages attested to by its own witnesses, since the appellee acknowledged liability at least to the extent of $17,500.00, any claim pressed by the appellee is by definition bad faith. The testimony that Sun Splash's representatives presented to the trial court shows that, while there did exist a contract between the parties, by the time Sun Splash began pressing its claim, the actual amount due under the contract was confused primarily by Sun Splash's own actions. Prior to the filing of the Complaint, Sun Splash had already agreed that HVI was due $5,000.00 for corrective measures taken by HVI and its other subcontractor P.R. Painting, Inc. In addition, prior to the Complaint, Sun Splash had admitted receiving $10,000.00 that had been past due under the contract. The trial court found specifically that there was a dispute between the parties as to the amount due under the construction contract. Implied in this factual finding is the determination that such dispute was not in bad faith. The record does not preponderate against that finding: This Court accordingly affirms the trial court's refusal to award attorney's fees. The award of pre-judgment interest is a matter well within the discretion of the trial court and will not be overturned on appeal absent a showing of an abuse of that discretion. *See* e.g. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn.1998); Tenn. Code Ann. § 47-14-123 (2001). Inasmuch as no bad faith appears in the record, the trial court did not abuse its discretion in refusing to award interest.

We affirm the trial court in all respects and remand this case for further proceedings as necessary. Costs on appeal are taxed against Appellant for which execution may issue.

_____
WILLIAM B. CAIN, JUDGE